# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRINCE PAUL RAYMOND WILLIAMS, | Case No. 1:21-cv-01583-JLT-SAB |
| Plaintiff, | SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT |
| v. | |
| AETNA INC., et al., | (ECF No. 1) |
| Defendants. | THIRTY DAY DEADLINE |

Prince Paul Raymond Williams ("Plaintiff"), proceeding pro se and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's complaint, filed on October 27, 2021. (ECF No. 1.)

**I.**

**SCREENING REQUIREMENT**

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of in forma pauperis proceedings which seek monetary relief from immune defendants); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss in forma pauperis

1

1  complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998)
2  (affirming sua sponte dismissal for failure to state a claim).  The Court exercises its discretion to
3  screen the plaintiff's complaint in this action to determine if it "(i) is frivolous or malicious; (ii)
4  fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a
5  defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

6      In determining whether a complaint fails to state a claim, the Court uses the same
7  pleading standard used under Federal Rule of Civil Procedure 8(a).  A complaint must contain "a
8  short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R.
9  Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the
10 elements of a cause of action, supported by mere conclusory statements, do not suffice."
11 Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S.
12 544, 555 (2007)).

13     In reviewing the pro se complaint, the Court is to liberally construe the pleadings and
14 accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89,
15 94 (2007).  Although a court must accept as true all factual allegations contained in a complaint,
16 a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678.  "[A]
17 complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops
18 short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting
19 Twombly, 550 U.S. at 557).  Therefore, the complaint must contain sufficient factual content for
20 the court to draw the reasonable conclusion that the defendant is liable for the misconduct
21 alleged. Iqbal, 556 U.S. at 678.

## II.

## COMPLAINT ALLEGATIONS

24     The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of
25 the *sua sponte* screening requirement under 28 U.S.C. § 1915.

26     Plaintiff brings this action against Defendants Aetna Inc. ("Aetna"), Tiffany Brubeck
27 ("Brubeck"), and J. Vista ("Vista") (collectively "Defendants"), and proffers he is suing these
28 Defendants for violations of his right to be free from deprivation of life, liberty, or property

without due process and equal protection of the laws. (Compl. 1-2,[1] ECF No. 1.) Plaintiff alleges both federal question jurisdiction, and diversity jurisdiction. (Id. at 2.) Plaintiff alleges upon information and belief, that Aetna is a corporation doing business in California, and that Brubeck and Vista are citizens of the state of California. (Id.) Plaintiff submits the complaint under the First, Fourth, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments of the United States Constitution, as well as under 15 U.S.C. § 645, 18 U.S.C. § 241, 18 U.S.C. § 242, 18 U.S.C. § 245, 31 U.S.C. § 3720D, and 42 U.S.C. § 1983. (Id. at 1-2.)

Plaintiff worked for Aetna as a Health Concierge, from approximately August 27, 2018, until November 8, 2019. (Compl. 3.) Plaintiff alleges that Aetna is his former employer, and conspired with Brubeck and Vista to subject Plaintiff to the unlawful employment practice of forcing him, as a condition of employment, to participate in and enforce a work-performance contract through wage garnishments in exchange for his labor, as a means of enrichment for Aetna, and repayment of two separate accounts of det alleged by Brubeck and Vista without due process and equal protection. Plaintiff alleges Aetna unlawfully terminated him in relation for providing Aetna a complaint regarding the garnishment.

On or about September 24, 2018, Plaintiff, through his work email, was provided two four-page documents entitled "INCOME WITHHOLDING FOR SUPPORT," dated September 1, 2018. (Compl. 4.) The first document stated the total amount to withhold from his paycheck was $413.00 per month, and the name of the Judge or issuing official was Defendant Brubeck. The second document stated the total amount to withhold was $150.00 per month, and had the name of the Judge or issuing official as J. Vista. Plaintiff emphasizes that neither withholding order contains a signature of the judicial officer, a date of signature, or name of an actual judicial officer, as Plaintiff alleges Brubeck and Vista's titles are "Child Support Representative," which makes the documents fraudulent, incomplete, and invalid.

Plaintiff alleges Defendants garnished Plaintiff's wages bi-weekly beginning in September of 2018, until his termination in November of 2019. Plaintiff alleges he was evicted

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

1  on September 30, 2019, because he could not afford his living expenses as a result of the wages
2  being withheld.  Between September 30, 2019, through October 4, 2019, Plaintiff notified Aetna
3  via the "Aetna National Accounts Attendance Line," of his need to leave from work due to
4  emotional distress.  On October 3, 2019, Plaintiff received a call from a supervisor threatening
5  possible termination if he did not return to work  (Compl. 5.)  On October 7, 2019, Plaintiff
6  provided a complaint to Aetna via email, wherein he described the harmful effects of the
7  garnishment, and "harassment from his immediate supervisor."  On November 8, 2019, Plaintiff
8  was terminated from his employment.

9  On October 19, 2021, Plaintiff provided Defendants with an email which he describes as
10 a notice demanding Aetna, Brubeck, and Vista, return his personal property.  (Compl. 5.)
11 Plaintiff did not receive a response, and instituted this action.

12 For the reasons discussed below, Plaintiff has failed to state a claim for a violation of his
13 federal rights.  Plaintiff shall be provided the opportunity to file an amended complaint to correct
14 the deficiencies at issue.

## III.

## DISCUSSION

17 After setting forth the specific factual allegations summarized above, Plaintiff then brings
18 eleven individual counts under the constitutional amendments and statutes listed above.  These
19 sections of the complaint essentially reproduce the text of the law verbatim, then generally state
20 Defendants have violated these amendments or statutes by the actions describe above, by failing
21 to rescind the contracts related to garnishment, and generally averring to violation of his rights of
22 freedom of speech, right to petition the court, and rights to due process and equal protection of
23 the laws.  The Court will not address every constitutional amendment and statute that the
24 Plaintiff cites to in his complaint, however, the Court will address the most significant aspects of
25 the complaint's factual and legal allegations.  For the reasons explained herein, Plaintiff has
26 failed to state a cognizable claim for a violation of his federal rights in this action.

27 / / /
28 / / /

**A.     Rule 8**

As set forth above, Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must contain "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). Moreover, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77.

A court may dismiss a complaint for failure to comply with Rule 8(a) if it is "verbose, confusing and conclusory." Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981); Brosnahan v. Caliber Home Loans, Inc., 765 F. App'x 173, 174 (9th Cir. 2019). Additionally, a court may dismiss a complaint for failure to comply with Rule 8(a) if it is "argumentative, prolix, replete with redundancy, and largely irrelevant." McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).

The Court finds that Plaintiff's complaint violates Rule 8(a). The allegations are confusing and unclear, making it difficult for the Court to determine what, if any, cognizable claims are included. Although the Federal Rules employ a flexible pleading policy, Plaintiff must give fair notice to the Defendants and must allege facts that support the elements of the claim plainly and succinctly. It is Plaintiff's duty to articulate his claims, not the Court's or the Defendants' duty to try to decipher what claims Plaintiff is asserting in the action.

The complaint alleges various issues related to child support and wage and earning withholding orders, contains several legal conclusions regarding the validity of those orders, and cites to a variety federal statutes and constitutional provisions. However, it does not clearly state Plaintiff's federal claims and many of Plaintiff's conclusions regarding the validity of the state court orders lack factual support as to how his due process rights or other constitutional or statutory rights were violated, nor in what way they are "false" or "fraudulent," aside from generally averring a copy of the order did not have a valid signature, without citing to or alleging that this violates any form of California law or regulation applicable to the forms. The requirement of a clear and plain statement of Plaintiff's claims is especially important in this

case because this Court does not serve as an appellate court of state court decisions. If Plaintiff wishes to challenge a decision from a state court regarding child support, he must pursue the appropriate procedures in state court (which may be subject to time limitations and other rules). While Plaintiff claims some form of retaliatory firing, Plaintiff does not explain what laws Defendant Aetna is alleged to have violated by its actions.

Plaintiff's complaint is an example of a shotgun pleading, repeatedly incorporating all preceding paragraphs by reference—which have been found to violate Rule 8. See Weiland v. Palm Beach Cty. Sheriff's Off., 792 F.3d 1313, 1321 (11th Cir. 2015) ("The most common type [of shotgun pleading]—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint."); Deerpoint Grp., Inc. v. Agrigenix, LLC, 345 F. Supp. 3d 1207, 1234 n.15 (E.D. Cal. 2018) ("However, incorporating literally all 143 preceding paragraphs, without specific reference to either disparagement or Paragraph 81, does not give Defendants (or the Court) fair notice of the factual bases of the IIPEA claim." (citing Weiland, 792 F.3d at 1321-23)). In each of the eleven separate counts against the three Defendants, Plaintiff does not sufficiently articulate his claims. The complaint cites a variety of federal statutes and constitutional provisions, and while Plaintiff separately lists each claim, each offers only a "formulaic recitation" of Plaintiff's proffered cause of action. Twombly, 550 U.S. at 555.

Further, to the extent that Plaintiff is alleging claims based in fraud, the pleading standard of Rule 9 would apply. Allegations of fraud of subject to the pleading requirement of Rule 9 of the Federal Rules of Civil Procedure. Rule 9 provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). This requires a plaintiff to plead with "more specificity including an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (internal punctuation and citations omitted).

/ / /

1  Initially, Plaintiff's allegations are insufficient to plead fraud with particularity as
2  required under Rule 9.

> To allege fraud with particularity, a plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading. A plaintiff might do less and still identify the statement complained of; indeed, the plaintiff might do less and still set forth some of the circumstances of the fraud. But the plaintiff cannot do anything less and still comply with Rule 9(b)'s mandate to set forth with particularity those circumstances which constitute the fraud.

In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994).

**B.  Jurisdiction**

Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to that granted by Congress. U.S. v. Sumner, 226 F.3d 1005, 1009 (9th Cir. 2000). Federal courts are presumptively without jurisdiction over civil actions, and the burden to establish the contrary rests upon the party asserting jurisdiction. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). Generally, there are two bases for subject matter jurisdiction: federal question jurisdiction and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Plaintiff alleges both federal question jurisdiction, and diversity jurisdiction.

District courts have original jurisdiction of all civil actions between citizens of different States in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). This requires complete diversity of citizenship and the presence "of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 679 (9th Cir. 2006) (citations omitted). Here, Plaintiff alleges that he is a citizen of California. (Compl. 3.) Plaintiff also alleges Defendants Vista and Brubeck are also both citizens of California. (Id.) Since Plaintiff and at least two of the named defendants are all alleged to be citizens of California, diversity of citizenship does not exist in this action.

Jurisdiction in this action must therefore be based on a federal question. Pursuant to 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States. "A case 'arises under' federal law either

1  where federal law creates the cause of action or where the vindication of a right under state law
2  necessarily turns on some construction of federal law." Republican Party of Guam v. Gutierrez,
3  277 F.3d 1086, 1088 (9th Cir. 2002) (internal punctuation omitted) (quoting Franchise Tax Bd.
4  v. Construction Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983) (citations omitted)).  "[T]he
5  presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint
6  rule,' which provides that federal jurisdiction exists only when a federal question is presented on
7  the face of the plaintiff's properly pleaded complaint."  Republican Party of Guam, 277 F.3d at
8  1089 (citations omitted).

9  As to federal question jurisdiction, although the complaint cites to various federal statutes
10 and constitutional amendments, it is not clear, for the reasons given above, which, if any, of
11 these references are intended to allege a claim against the named Defendants and what the
12 factual bases of those claims may be.

13 **C.     The Rooker-Feldman Doctrine**

14 Under the Rooker-Feldman doctrine, a party may not seek appellate review in federal
15 court of a decision made by a state court.  See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923);
16 D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983).  Typically, the Rooker-Feldman
17 doctrine bars federal courts from exercising subject-matter jurisdiction over a proceeding in
18 which a party losing in state court seeks what in substance would be appellate review of the state
19 judgment in a United States district court, based on the losing party's claim that the state
20 judgment itself violates the losers' federal rights.  Doe v. Mann, 415 F.3d 1038, 1041-42 (9th
21 Cir. 2005); see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)
22 (the Rooker-Feldman doctrine precludes a district court from appellate review of "cases brought
23 by state-court losers complaining of injuries caused by state-court judgments rendered before the
24 district court proceeding commenced[.]").  Accordingly, the district court lacks jurisdiction over
25 "claims . . . 'inextricably intertwined' with the state court's decision such that the adjudication of
26 the federal claims would undercut the state ruling."  Bianchi v. Rylaarsdam, 334 F.3d 895, 898
27 (9th Cir. 2003) (citing Feldman, 460 U.S. at 483, 485); see, e.g., Moore v. County of Butte, 547
28 Fed. Appx. 826, 829 (9th Cir. 2013) (finding a plaintiff's claims challenging the outcome of

custody proceedings were properly dismissed); Rucker v. County of Santa Clara, State of California, 2003 WL 21440151, at *2 (N.D. Cal. June 17, 2003) (finding the plaintiff's claims were "inextricably intertwined" with the state court's rulings where the plaintiff "challenge[d] his original child support order on jurisdictional grounds, dispute[d] his total child support arrearages, and allege[d] that Santa Clara County's garnishment order against his disability benefits payments is invalid"); see also Ignacio v. Judges of U.S. Court of Appeals, 453 F.3d 1160, 1165-66 (9th Cir. 2006) (affirming the district court's dismissal of the case "because the complaint is nothing more than another attack on the California superior court's determination in [the plaintiff's] domestic case").

To the extent Plaintiff is asking this Court to review the child support and wage and garnishment orders issued by the state court, under the Rooker-Feldman doctrine, this Court lacks jurisdiction to review and reverse a state court's decision. Accordingly, any claim seeking to reverse the state court orders cannot proceed in this Court.

**D.  Due Process**

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). The due process clause of the Fourteenth Amendment protects two distinct but related rights: procedural due process and substantive due process. Albright v. Oliver, 510 U.S. 266, 272 (1994).

The substantive protections of the due process clause bar certain governmental actions regardless of the fairness of the procedures that are used to implement them. Cty. of Sacramento v. Lewis, 523 U.S. 833, 840 (1998). Therefore, the substantive protections of the due process clause are intended to prevent government officials from abusing their power or employing it as an instrument of oppression. Lewis, 523 U.S. at 846. The Supreme Court has held that "the substantive component of the Due Process Clause is violated by executive action only when it 'can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense.' " Id. at 847. "[O]nly the most egregious official conduct can be said to be arbitrary in a constitutional sense." Brittain v. Hansen, 451 F.3d 982, 990 (9th Cir. 2006) (quoting Lewis, 523

1  U.S. at 846).

2  "Substantive due process is ordinarily reserved for those rights that are 'fundamental.' " Brittain, 451 F.3d at 990. "The protections of substantive due process have for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity[;] and the Supreme Court has been reluctant to expand the concept of substantive due process. Albright, 510 U.S. at 271-72. To state a substantive due process claim, a plaintiff must "show both a deprivation of [his] liberty and conscience shocking behavior by the government." Brittain, 451 F.3d at 991.

"The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 569–70 (1972). "[P]rocedural due process claims are resolved by balancing tests, where differing interests can give rise to many differing procedural requirements." Brittain, 451 F.3d at 1000. "(D)ue process is flexible and calls for such procedural protections as the particular situation demands." Mathews v. Eldridge, 424 U.S. 319, 334 (1976) (quoting Morrissey v. Brewer, 408 U.S. 471, 481 (1972)).

Plaintiff asserts vague and speculative deprivation, such as the effect of child support matters from his state case on employment garnishment. There are no facts alleged by which it could reasonably be inferred that Plaintiff is not receiving the process due in his state court case.

### E. Equal Protection

Plaintiff alleges violations of his right to equal protection. There are two ways for a plaintiff to state an equal protection claim. A plaintiff can state a claim for violation of the Equal Protection Clause, by showing "that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003). Intentional in this context means that the defendant acted, at least in part, because of the plaintiff's membership in a protected class. Serrano, 345 F.3d at 1082. Alternately, the plaintiff can state a claim by alleging that he was intentionally treated differently than similarly situated individuals and there was no rational basis for the difference in treatment. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (2005); Village of Willowbrook v. Olech,

528 U.S. 562, 564 (2000).

There are no factual allegations that Plaintiff is a member of a protected class or that any named defendant acted with the intent or purpose to discriminate against him due to his membership in that class. Nor is there any allegation that Plaintiff was intentionally treated differently than other similarly situated individuals. Plaintiff has failed to state a claim for violations of the Equal Protection Clause.

F. **Fourth Amendment**

Plaintiff alleges a violation of the Fourth Amendment. The Fourth Amendment provides that "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV. "[T]he Fourth Amendment is enforceable against the States through the Fourteenth Amendment." Camara v. Mun. Court of City & Cty. of San Francisco, 387 U.S. 523, 528 (1967). "To establish a viable Fourth Amendment claim, a plaintiff must show not only that there was a search and seizure as contemplated by the Fourth Amendment, but also that said search and seizure was unreasonable and conducted without consent." Rakas v. Illinois, 439 U.S. 128, 143 (1978); United States v. Rubio, 727 F.2d 786, 796–97 (9th Cir. 1983).

There are no allegations in the complaint that Plaintiff was seized or that there was a search such to implicate the Fourth Amendment. Plaintiff has failed to state a claim for violation of the Fourth Amendment.

G. **Title 18 of the United States Code**

Plaintiff also alleges violations, among other statutes, of 18 U.S.C. §§ 242, and 245. "[T]he fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." Touche Ross & Co. v. Redington, 442 U.S. 560, 568 (1979) (quoting Cannon v. University of Chicago, 441 U.S. 677, 688 (1979). Rather, the court is to consider if Congress intended to create the private right of action in the statute and begins with the language of the statute itself. Touche Ross & Co., 442 U.S. at 568. "Civil causes of action ... do not generally lie under the criminal statutes contained in Title 18 of the United States Code." Del Elmer; Zachay v. Metzger, 967 F. Supp.

398, 403 (S.D. Cal. 1997).

Here, the sections cited under Title 18 provide for fines and incarceration for criminal offenses and do not set forth a private cause of action nor is there any language that would imply that a cause of action exists to allow Plaintiff to seek a remedy for these criminal statutes in this action.

### H. Judicial Immunity

Absolute judicial immunity is afforded to judges for acts performed by the judge that relate to the judicial process. In re Castillo, 297 F.3d 940, 947 (9th Cir. 2002), as amended (Sept. 6, 2002). "This immunity reflects the long-standing 'general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 922 (9th Cir. 2004) (quoting Bradley v. Fisher, 13 Wall. 335, 347 (1871)). This judicial immunity insulates judges from suits brought under section 1983. Olsen, 363 F.3d at 923.

Absolute judicial immunity insulates the judge from actions for damages due to judicial acts taken within the jurisdiction of the judge's court. Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986). "Judicial immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'" Id. (quoting Cleavinger v. Saxner, 474 U.S. 193 (1985)). However, a judge is not immune where he acts in the clear absence of jurisdiction or for acts that are not judicial in nature. Ashelman, 793 F.2d at 1075. Judicial conduct falls within "clear absence of all jurisdiction," where the judge "acted with clear lack of all subject matter jurisdiction." Stone v. Baum, 409 F.Supp.2d 1164, 1174 (D. Ariz. 2005).

To determine if an act is judicial in nature, the court considers whether (1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity. Duvall v. Cty. of Kitsap, 260 F.3d 1124, 1133 (9th Cir. 2001), as amended on denial of reh'g (Oct. 11,

2001) (quoting Meek v. County of Riverside, 183 F.3d 962, 967 (9th Cir. 1999)).

Here, it appears Plaintiff is bringing suit against judicial officers for actions taken in their judicial capacities over which they have jurisdiction.

## IV.

## CONCLUSION AND ORDER

Plaintiff has failed to state a cognizable claim for a violation of his federal rights in this action. Plaintiff shall be granted leave to file an amended complaint to cure the deficiencies identified in this order. See Lopez, 203 F.3d at 1127.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

///
///
///
///
///
///
///
///
///

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Clerk of the Court shall send Plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order;

3. The first amended complaint, including attachments, shall not exceed twenty-five (25) pages in length; and

4. If Plaintiff fails to file a first amended complaint in compliance with this order, the Court will recommend to the district judge that this action be dismissed, with prejudice, for failure to obey a court order, failure to prosecute, and for failure to state a claim.

IT IS SO ORDERED.

Dated: **February 18, 2022**

UNITED STATES MAGISTRATE JUDGE