**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRINCE PAUL RAYMOND WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>AETNA, INC., et al.,<br><br>Defendants. | Case No. 1:21-cv-01583-JLT-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM AND DISMISSING ACTION FOR FAILURE TO COMPLY WITH COURT ORDER AND FAILURE TO PROSECUTE<br><br>(ECF Nos. 1, 10)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

**I.**

**INTRODUCTION**

Prince Paul Raymond Williams ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 18, 2022, the Court issued a screening order finding that Plaintiff had failed to state any cognizable claims in his complaint, and granted Plaintiff thirty (30) days in which to file a first amended complaint. (ECF No. 10.) More than thirty (30) days have passed and Plaintiff has neither filed an amended complaint nor otherwise responded to the Court's February 18, 2022 order. For the reasons discussed herein, it is recommended that Plaintiff's complaint be

1

dismissed for failure to state a cognizable claim, and this action be dismissed for failure to comply with the Court's order, and failure to prosecute.

## II.

## SCREENING REQUIREMENT

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune defendants); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim). The Court exercised its discretion to screen the plaintiff's complaint in this action to determine if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the *pro se* complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A]

complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.' " Id. (quoting Twombly, 550 U.S. at 557). Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

## III.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff brings this action against Defendants Aetna Inc. ("Aetna"), Tiffany Brubeck ("Brubeck"), and J. Vista ("Vista) (collectively "Defendants"), and proffers he is suing these Defendants for violations of his right to be free from deprivation of life, liberty, or property without due process and equal protection of the laws. (Compl. 1-2,[1] ECF No. 1.) Plaintiff alleges both federal question jurisdiction, and diversity jurisdiction. (Id. at 2.) Plaintiff alleges upon information and belief, that Aetna is a corporation doing business in California, and that Brubeck and Vista are citizens of the state of California. (Id.) Plaintiff submits the complaint under the First, Fourth, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments of the United States Constitution, as well as under 15 U.S.C. § 645, 18 U.S.C. § 241, 18 U.S.C. § 242, 18 U.S.C. § 245, 31 U.S.C. § 3720D, and 42 U.S.C. § 1983. (Id. at 1-2.)

Plaintiff worked for Aetna as a Health Concierge, from approximately August 27, 2018, until November 8, 2019. (Compl. 3.) Plaintiff alleges that Aetna is his former employer, and conspired with Brubeck and Vista to subject Plaintiff to the unlawful employment practice of forcing him, as a condition of employment, to participate in and enforce a work-performance contract through wage garnishments in exchange for his labor, as a means of enrichment for Aetna, and repayment of two separate accounts of det alleged by Brubeck and Vista without due process and equal protection. Plaintiff alleges Aetna unlawfully terminated him in relation for

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

providing Aetna a complaint regarding the garnishment.

On or about September 24, 2018, Plaintiff, through his work email, was provided two four-page documents entitled "INCOME WITHHOLDING FOR SUPPORT," dated September 1, 2018. (Compl. 4.) The first document stated the total amount to withhold from his paycheck was $413.00 per month, and the name of the Judge or issuing official was Defendant Brubeck. The second document stated the total amount to withhold was $150.00 per month, and had the name of the Judge or issuing official as J. Vista. Plaintiff emphasizes that neither withholding order contains a signature of the judicial officer, a date of signature, or name of an actual judicial officer, as Plaintiff alleges Brubeck and Vista's titles are "Child Support Representative," which makes the documents fraudulent, incomplete, and invalid.

Plaintiff alleges Defendants garnished Plaintiff's wages bi-weekly beginning in September of 2018, until his termination in November of 2019. Plaintiff alleges he was evicted on September 30, 2019, because he could not afford his living expenses as a result of the wages being withheld. Between September 30, 2019, through October 4, 2019, Plaintiff notified Aetna via the "Aetna National Accounts Attendance Line," of his need to leave from work due to emotional distress. On October 3, 2019, Plaintiff received a call from a supervisor threatening possible termination if he did not return to work (Compl. 5.) On October 7, 2019, Plaintiff provided a complaint to Aetna via email, wherein he described the harmful effects of the garnishment, and "harassment from his immediate supervisor." On November 8, 2019, Plaintiff was terminated from his employment.

On October 19, 2021, Plaintiff provided Defendants with an email which he describes as a notice demanding Aetna, Brubeck, and Vista, return his personal property. (Compl. 5.) Plaintiff did not receive a response, and instituted this action.

**IV.**

**DISCUSSION**

After setting forth the specific factual allegations summarized above, Plaintiff then brings eleven individual counts under the constitutional amendments and statutes listed above. These sections of the complaint essentially reproduce the text of the law verbatim, then generally state

1 Defendants have violated these amendments or statutes by the actions describe above, by failing
2 to rescind the contracts related to garnishment, and generally averring to violation of his rights of
3 freedom of speech, right to petition the court, and rights to due process and equal protection of
4 the laws.

5       The Court will not address every constitutional amendment and statute that the Plaintiff
6 cites to in his complaint, however, the Court will address the most significant aspects of the
7 complaint's factual and legal allegations. For the reasons discussed herein, the Court finds
8 Plaintiff has failed to state a cognizable claim for a violation of his federal rights in this action,
9 and recommends the complaint be dismissed.

10     **A.    Rule 8**

11       As set forth above, Rule 8(a) requires "a short and plain statement of the claim showing
12 that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must contain
13 "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to
14 defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). Moreover,
15 Plaintiff must demonstrate that each named defendant personally participated in the deprivation
16 of his rights. Iqbal, 556 U.S. at 676-77.

17       A court may dismiss a complaint for failure to comply with Rule 8(a) if it is "verbose,
18 confusing and conclusory." Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981);
19 Brosnahan v. Caliber Home Loans, Inc., 765 F. App'x 173, 174 (9th Cir. 2019). Additionally, a
20 court may dismiss a complaint for failure to comply with Rule 8(a) if it is "argumentative, prolix,
21 replete with redundancy, and largely irrelevant." McHenry v. Renne, 84 F.3d 1172, 1177 (9th
22 Cir. 1996).

23       The Court finds that Plaintiff's complaint violates Rule 8(a). The allegations are
24 confusing and unclear, making it difficult for the Court to determine what, if any, cognizable
25 claims are included. Although the Federal Rules employ a flexible pleading policy, Plaintiff
26 must give fair notice to the Defendants and must allege facts that support the elements of the
27 claim plainly and succinctly. It is Plaintiff's duty to articulate his claims, not the Court's or the
28 Defendants' duty to try to decipher what claims Plaintiff is asserting in the action.

The complaint alleges various issues related to child support and wage and earning withholding orders, contains several legal conclusions regarding the validity of those orders, and cites to a variety federal statutes and constitutional provisions. However, it does not clearly state Plaintiff's federal claims and many of Plaintiff's conclusions regarding the validity of the state court orders lack factual support as to how his due process rights or other constitutional or statutory rights were violated, nor in what way they are "false" or "fraudulent," aside from generally averring a copy of the order did not have a valid signature, without citing to or alleging that this violates any form of California law or regulation applicable to the forms. The requirement of a clear and plain statement of Plaintiff's claims is especially important in this case because this Court does not serve as an appellate court of state court decisions. If Plaintiff wishes to challenge a decision from a state court regarding child support, he must pursue the appropriate procedures in state court (which may be subject to time limitations and other rules). While Plaintiff claims some form of retaliatory firing, Plaintiff does not explain what laws Defendant Aetna is alleged to have violated by its actions.

Plaintiff's complaint is an example of a shotgun pleading, repeatedly incorporating all preceding paragraphs by reference—which have been found to violate Rule 8. See Weiland v. Palm Beach Cty. Sheriff's Off., 792 F.3d 1313, 1321 (11th Cir. 2015) ("The most common type [of shotgun pleading]—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint."); Deerpoint Grp., Inc. v. Agrigenix, LLC, 345 F. Supp. 3d 1207, 1234 n.15 (E.D. Cal. 2018) ("However, incorporating literally all 143 preceding paragraphs, without specific reference to either disparagement or Paragraph 81, does not give Defendants (or the Court) fair notice of the factual bases of the IIPEA claim." (citing Weiland, 792 F.3d at 1321-23)). In each of the eleven separate counts against the three Defendants, Plaintiff does not sufficiently articulate his claims. The complaint cites a variety of federal statutes and constitutional provisions, and while Plaintiff separately lists each claim, each offers only a "formulaic recitation" of Plaintiff's proffered cause of action. Twombly, 550 U.S. at 555.

Further, to the extent that Plaintiff is alleging claims based in fraud, the pleading standard of Rule 9 would apply. Allegations of fraud of subject to the pleading requirement of Rule 9 of the Federal Rules of Civil Procedure. Rule 9 provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). This requires a plaintiff to plead with "more specificity including an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (internal punctuation and citations omitted).

Initially, Plaintiff's allegations are insufficient to plead fraud with particularity as required under Rule 9.

> To allege fraud with particularity, a plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading. A plaintiff might do less and still identify the statement complained of; indeed, the plaintiff might do less and still set forth some of the circumstances of the fraud. But the plaintiff cannot do anything less and still comply with Rule 9(b)'s mandate to set forth with particularity those circumstances which constitute the fraud.

In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994).

**B.     Jurisdiction**

Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to that granted by Congress. U.S. v. Sumner, 226 F.3d 1005, 1009 (9th Cir. 2000). Federal courts are presumptively without jurisdiction over civil actions, and the burden to establish the contrary rests upon the party asserting jurisdiction. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). Generally, there are two bases for subject matter jurisdiction: federal question jurisdiction and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Plaintiff alleges both federal question jurisdiction, and diversity jurisdiction.

District courts have original jurisdiction of all civil actions between citizens of different States in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). This requires complete diversity of citizenship and the presence "of a single plaintiff from the same State as a single defendant deprives the district

1  court of original diversity jurisdiction over the entire action." Abrego Abrego v. The Dow
2  Chemical Co., 443 F.3d 676, 679 (9th Cir. 2006) (citations omitted).  Here, Plaintiff alleges that
3  he is a citizen of California. (Compl. 3.) Plaintiff also alleges Defendants Vista and Brubeck are
4  also both citizens of California.  (Id.)  Since Plaintiff and at least two of the named defendants
5  are all alleged to be citizens of California, diversity of citizenship does not exist in this action.

6  Jurisdiction in this action must therefore be based on a federal question. Pursuant to 28
7  U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the
8  Constitution, laws, or treaties of the United States. "A case 'arises under' federal law either
9  where federal law creates the cause of action or where the vindication of a right under state law
10 necessarily turns on some construction of federal law." Republican Party of Guam v. Gutierrez,
11 277 F.3d 1086, 1088 (9th Cir. 2002) (internal punctuation omitted) (quoting Franchise Tax Bd.
12 v. Construction Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983) (citations omitted)). "[T]he
13 presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint
14 rule,' which provides that federal jurisdiction exists only when a federal question is presented on
15 the face of the plaintiff's properly pleaded complaint." Republican Party of Guam, 277 F.3d at
16 1089 (citations omitted).

17 As to federal question jurisdiction, although the complaint cites to various federal statutes
18 and constitutional amendments, it is not clear, for the reasons given above, which, if any, of
19 these references are intended to allege a claim against the named Defendants and what the
20 factual bases of those claims may be.

21 **C.    The Rooker-Feldman Doctrine**

22 Under the Rooker-Feldman doctrine, a party may not seek appellate review in federal
23 court of a decision made by a state court. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923);
24 D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983).  Typically, the Rooker-Feldman
25 doctrine bars federal courts from exercising subject-matter jurisdiction over a proceeding in
26 which a party losing in state court seeks what in substance would be appellate review of the state
27 judgment in a United States district court, based on the losing party's claim that the state
28 judgment itself violates the losers' federal rights. Doe v. Mann, 415 F.3d 1038, 1041-42 (9th

Cir. 2005); see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (the Rooker-Feldman doctrine precludes a district court from appellate review of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceeding commenced[.]"). Accordingly, the district court lacks jurisdiction over "claims . . . 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling." Bianchi v. Rylaarsdam, 334 F.3d 895, 898 (9th Cir. 2003) (citing Feldman, 460 U.S. at 483, 485); see, e.g., Moore v. County of Butte, 547 Fed. Appx. 826, 829 (9th Cir. 2013) (finding a plaintiff's claims challenging the outcome of custody proceedings were properly dismissed); Rucker v. County of Santa Clara, State of California, 2003 WL 21440151, at *2 (N.D. Cal. June 17, 2003) (finding the plaintiff's claims were "inextricably intertwined" with the state court's rulings where the plaintiff "challenge[d] his original child support order on jurisdictional grounds, dispute[d] his total child support arrearages, and allege[d] that Santa Clara County's garnishment order against his disability benefits payments is invalid"); see also Ignacio v. Judges of U.S. Court of Appeals, 453 F.3d 1160, 1165-66 (9th Cir. 2006) (affirming the district court's dismissal of the case "because the complaint is nothing more than another attack on the California superior court's determination in [the plaintiff's] domestic case").

To the extent Plaintiff is asking this Court to review the child support and wage and garnishment orders issued by the state court, under the Rooker-Feldman doctrine, this Court lacks jurisdiction to review and reverse a state court's decision. Accordingly, any claim seeking to reverse the state court orders cannot proceed in this Court.

**D.  Due Process**

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). The due process clause of the Fourteenth Amendment protects two distinct but related rights: procedural due process and substantive due process. Albright v. Oliver, 510 U.S. 266, 272 (1994).

The substantive protections of the due process clause bar certain governmental actions

regardless of the fairness of the procedures that are used to implement them. Cty. of Sacramento v. Lewis, 523 U.S. 833, 840 (1998). Therefore, the substantive protections of the due process clause are intended to prevent government officials from abusing their power or employing it as an instrument of oppression. Lewis, 523 U.S. at 846. The Supreme Court has held that "the substantive component of the Due Process Clause is violated by executive action only when it 'can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense.' " Id. at 847. "[O]nly the most egregious official conduct can be said to be arbitrary in a constitutional sense." Brittain v. Hansen, 451 F.3d 982, 990 (9th Cir. 2006) (quoting Lewis, 523 U.S. at 846).

"Substantive due process is ordinarily reserved for those rights that are 'fundamental.' " Brittain, 451 F.3d at 990. "The protections of substantive due process have for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity[;] and the Supreme Court has been reluctant to expand the concept of substantive due process. Albright, 510 U.S. at 271-72. To state a substantive due process claim, a plaintiff must "show both a deprivation of [his] liberty and conscience shocking behavior by the government." Brittain, 451 F.3d at 991.

"The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 569–70 (1972). "[P]rocedural due process claims are resolved by balancing tests, where differing interests can give rise to many differing procedural requirements." Brittain, 451 F.3d at 1000. "(D)ue process is flexible and calls for such procedural protections as the particular situation demands." Mathews v. Eldridge, 424 U.S. 319, 334 (1976) (quoting Morrissey v. Brewer, 408 U.S. 471, 481 (1972)).

Plaintiff asserts vague and speculative deprivation, such as the effect of child support matters from his state case on employment garnishment. There are no facts alleged by which it could reasonably be inferred that Plaintiff is not receiving the process due in his state court case.

**E.     Equal Protection**

Plaintiff alleges violations of his right to equal protection. There are two ways for a

plaintiff to state an equal protection claim. A plaintiff can state a claim for violation of the Equal Protection Clause, by showing "that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003). Intentional in this context means that the defendant acted, at least in part, because of the plaintiff's membership in a protected class. Serrano, 345 F.3d at 1082. Alternately, the plaintiff can state a claim by alleging that he was intentionally treated differently than similarly situated individuals and there was no rational basis for the difference in treatment. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (2005); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

There are no factual allegations that Plaintiff is a member of a protected class or that any named defendant acted with the intent or purpose to discriminate against him due to his membership in that class. Nor is there any allegation that Plaintiff was intentionally treated differently than other similarly situated individuals. Plaintiff has failed to state a claim for violations of the Equal Protection Clause.

**F.    Fourth Amendment**

Plaintiff alleges a violation of the Fourth Amendment. The Fourth Amendment provides that "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV. "[T]he Fourth Amendment is enforceable against the States through the Fourteenth Amendment." Camara v. Mun. Court of City & Cty. of San Francisco, 387 U.S. 523, 528 (1967). "To establish a viable Fourth Amendment claim, a plaintiff must show not only that there was a search and seizure as contemplated by the Fourth Amendment, but also that said search and seizure was unreasonable and conducted without consent." Rakas v. Illinois, 439 U.S. 128, 143 (1978); United States v. Rubio, 727 F.2d 786, 796–97 (9th Cir. 1983).

There are no allegations in the complaint that Plaintiff was seized or that there was a search such to implicate the Fourth Amendment. Plaintiff has failed to state a claim for violation of the Fourth Amendment.

/ / /

### G. Title 18 of the United States Code

Plaintiff also alleges violations, among other statutes, of 18 U.S.C. §§ 242, and 245. "[T]he fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." Touche Ross & Co. v. Redington, 442 U.S. 560, 568 (1979) (quoting Cannon v. University of Chicago, 441 U.S. 677, 688 (1979). Rather, the court is to consider if Congress intended to create the private right of action in the statute and begins with the language of the statute itself. Touche Ross & Co., 442 U.S. at 568. "Civil causes of action ... do not generally lie under the criminal statutes contained in Title 18 of the United States Code." Del Elmer; Zachay v. Metzger, 967 F. Supp. 398, 403 (S.D. Cal. 1997).

Here, the sections cited under Title 18 provide for fines and incarceration for criminal offenses and do not set forth a private cause of action nor is there any language that would imply that a cause of action exists to allow Plaintiff to seek a remedy for these criminal statutes in this action.

### H. Judicial Immunity

Absolute judicial immunity is afforded to judges for acts performed by the judge that relate to the judicial process. In re Castillo, 297 F.3d 940, 947 (9th Cir. 2002), as amended (Sept. 6, 2002). "This immunity reflects the long-standing 'general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.' " Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 922 (9th Cir. 2004) (quoting Bradley v. Fisher, 13 Wall. 335, 347 (1871)). This judicial immunity insulates judges from suits brought under section 1983. Olsen, 363 F.3d at 923.

Absolute judicial immunity insulates the judge from actions for damages due to judicial acts taken within the jurisdiction of the judge's court. Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986). "Judicial immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.' " Id. (quoting Cleavinger v. Saxner, 474 U.S. 193 (1985)). However, a judge is not immune where he acts in

12

1  the clear absence of jurisdiction or for acts that are not judicial in nature. Ashelman, 793 F.2d at
2  1075. Judicial conduct falls within "clear absence of all jurisdiction," where the judge "acted
3  with clear lack of all subject matter jurisdiction." Stone v. Baum, 409 F.Supp.2d 1164, 1174 (D.
4  Ariz. 2005).

To determine if an act is judicial in nature, the court considers whether (1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity. Duvall v. Cty. of Kitsap, 260 F.3d 1124, 1133 (9th Cir. 2001), as amended on denial of reh'g (Oct. 11, 2001) (quoting Meek v. County of Riverside, 183 F.3d 962, 967 (9th Cir. 1999)).

Here, it appears Plaintiff is bringing suit against judicial officers for actions taken in their judicial capacities over which they have jurisdiction.

## V.

## DISMISSAL FOR FAILURE TO COMPLY AND FAILURE TO PROSECUTE

Plaintiff has failed to comply with the February 18, 2022 order granting him leave to file an amended complaint. A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less

drastic sanctions.' " Carey, 856 F.2d at 1440 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1226. Plaintiff was ordered to file an amended complaint within thirty (30) days of February 18, 2022. Plaintiff has neither filed an amended complaint nor otherwise responded to the Court's order.

Plaintiff's failure to comply with the orders of the Court hinders the Court's ability to move this action towards disposition, and indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). This risk of prejudice may be rebutted if Plaintiff offers an excuse for the delay. In re Eisen, 31 F.3d at 1453. Plaintiff has not responded to the February 18, 2022 order so the risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is outweighed by the factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. This action can proceed no further without Plaintiff's cooperation and compliance with the order at issue. There is no operative pleading that states a claim in this matter and the action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, monetary sanctions are not available to induce compliance because Plaintiff is proceeding *in forma pauperis* in this action. Additionally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424. On February 18, 2022, the Court specifically informed Plaintiff that his

1 complaint did not satisfy Federal Rule of Civil Procedure 8's requirement to provide a short and
2 plain statement of the claims made against each defendant; that the complaint was deficient in
3 that it was vague and unclear as to each separate Defendant's actions; that it improperly makes
4 legal conclusions by alleging a claim without connecting specific factual details to the types of
5 alleged claims; and thus that it did not provide sufficient factual content for the Court to find any
6 claim was plausible as presented.  Plaintiff was specifically warned that the failure to file an
7 amended complaint in compliance with the order would result in the recommendation that this
8 action be dismissed, with prejudice, for failure to obey a court order, failure to prosecute, and
9 failure to state a claim.  (ECF No. 10 at 14.)

10 Accordingly, the Court finds that the balance of the factors weighs in favor of dismissing
11 this action for Plaintiff's failure to comply with the February 18, 2022 order, and failure to
12 prosecute.

### VI.
### CONCLUSION AND RECOMMENDATIONS

15 Plaintiff has failed to state a cognizable claim for a violation of his federal rights in this
16 action.  Further, considering the factors to be evaluated in determining whether to dismiss this
17 action for the failure to comply and failure to prosecute, the Court finds that the factors weigh in
18 favor of dismissal of this action.

19 Based on the foregoing, it is HEREBY RECOMMENDED that:

20 1. Plaintiff's complaint filed October 27, 2021 (ECF No. 1), be DISMISSED for
21 failure to state a cognizable claim; and
22 2. This matter be dismissed for Plaintiff's failure to comply with the Court's
23 February 18, 2022 order (ECF No. 10), and failure to prosecute.

24 This findings and recommendations is submitted to the district judge assigned to this
25 action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **fourteen**
26 **(14) days** of service of this recommendation, Plaintiff may file written objections to this findings
27 and recommendations with the court.  Such a document should be captioned "Objections to
28 Magistrate Judge's Findings and Recommendations."  The district judge will review the

magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 31, 2022**

UNITED STATES MAGISTRATE JUDGE